## 48489. PARKER et al. v. THE STATE.

DEEN, Judge. 1. An indictment of Emma Parker on a charge of theft by taking, and of Parker and one Lawrence Vann jointly for robbery by sudden snatching were tried together. Parker was found guilty on the first indictment, and she and Vann were both found guilty on the second. The testimony, including that of a co-conspirator, established that Vann recruited women and trained them in the art of "flim flam." In the two incidents on which these indictments are based an elderly person with a bank account was picked and Vann would approach her with a plea for help of some kind; after winning her confidence, she and the victim would be approached by a confederate claiming to have found a package of money, and the victim would eventually be persuaded that by putting up money of her own she could share in the large sum represented to have been uncovered. In both cases the elderly victims drew money from the bank and Parker and her codefendant made off with it. The evidence supported theft by taking as to each count. The evidence of Vann's organization and training of the confederate thieves amply supported a guilty verdict against him on theory of conspiracy.

2. The words "extenuation, mitigation, and aggravation of punishment" in Code Ann. § 27-2534 refer to evidence which may be offered in the pre-sentence hearing for the purpose of allowing the jury to form an opinion, based on previous record or lack of it and other facts not admissible on the trial of the main case, which would aid them in determining whether it is to the best interests of society to fix a determinate sentence for him of the minimum or maximum allowed by law or something in between. These are facts and arguments relating to the defendant as a person. Statements of possible punishments fixed by statute in assault and battery cases are irrelevant in this case where the defendants were not accused of force and violence and there was no evidence to indicate it had been used. The court properly curtailed the improper argument.

3. The statement of the court ("if the jury brought in a long term I'd set it aside anyway"), contended to be an expression of opinion was not said in the jury's presence, and could not have been hurtful to the defendant.

The remaining enumerations of error are specifically abandoned. *Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

ARGUED SEPTEMBER 10, 1973 — DECIDED OCTOBER 3, 1973.

*Gaines C. Granade,* for appellants.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, J. Melvin England, Morris H. Rosenberg,* for appellee.